46 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Iran BROWN, Defendant-Appellant.
 No. 94-50298.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 20, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Iran Brown appeals his 31-month sentence for possession with intent to defraud of 50,000 security holograms for use in making counterfeit credit cards, in violation of 18 U.S.C. Sec. 1029(a)(4). Brown contends the district court erred by imposing a 14-level upward adjustment pursuant to U.S.S.G. Sec. 2F1.1 based on the amount of intended loss involved in his offense. We affirm.
 
 
 3
 In a previous appeal, we vacated Brown's original sentence because the sentencing court had improperly departed upward from the applicable sentencing range based on the amount of intended loss, instead of determining whether an adjustment was appropriate under U.S.S.G. Sec. 2F1.1. United States v. Brown, No. 93-50425, unpublished memorandum decision (9th Cir. 1994). On remand, the district court estimated that the intended loss from Brown's scheme to manufacture fraudulent credit cards was at least $5 million, and imposed a corresponding 14-level upward adjustment under U.S.S.G. Sec. 2F1.1(b)(1)(O).
 
 
 4
 We review de novo a district court's application of the Guidelines, and its factual findings concerning the amount of intended loss for clear error. United States v. Koenig, 952 F.2d 267, 271 (9th Cir. 1991). "[I]f an intended loss that the defendant was attempting to inflict can be determined, this figure will be used if it is greater than the actual loss." U.S.S.G. Sec. 2F1.1, comment. (n.7); see also United States v. Hernandez, 952 F.2d 1110, 1118 (9th Cir. 1991), cert. denied, 113 S. Ct. 334 (1992). The sentencing court is not required to determine the loss with precision; it "need only make a reasonable estimate of the intended loss, given the available information." U.S.S.G. Sec. 2F1.1, comment. (n.8).
 
 
 5
 Here, the district court's estimate was reasonable based on the known facts. Brown had used four fraudulent credit cards to obtain $13,487 in cash advances and purchases, an average of about $3,372 per card. He had invested a substantial amount of money in his scheme. He had agreed to pay $20,500 for 50,000 security holograms and a "hot-stamper," a machine used to attach holograms to credit cards, and had paid a $10,000 deposit for this order. At the time of his arrest he possessed and had negotiated purchases of additional credit-card manufacturing equipment. The district court estimated that Brown intended to use at least 2,500 of the 50,000 holograms to make at least 2,500 counterfeit credit cards and to cause a loss of at least $2,000 per card. The information available to the district court was adequate to estimate the amount of intended loss, and based on that information, the court's estimate is not clearly erroneous. See Koenig, 952 F.2d at 271.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3